NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-2597-15T2

ANTWAN MALONE,

 Appellant,

v.

NEW JERSEY STATE PAROLE BOARD,

 Respondent.
___________________________________

 Submitted May 9, 2017 – Decided July 20, 2017

 Before Judges Sumners and Mayer.

 On appeal from the New Jersey State Parole
 Board.

 Antwan Malone, appellant pro se.

 Christopher S. Porrino, Attorney General,
 attorney for respondent (Lisa A. Puglisi,
 Assistant Attorney General, of counsel and
 Gregory R. Bueno, Deputy Attorney General, on
 the brief).

PER CURIAM

 Appellant Antwan Malone appeals from the final agency

decision of the New Jersey State Parole Board (Board), denying
parole and imposing a twenty-three month future eligibility term

(FET). We affirm.

 On July 25, 2005, appellant was sentenced to prison after

pleading guilty under two separate indictments. Under one

indictment, he pled to second-degree aggravated assault – serious

bodily injury, and was sentenced to a seven-year prison term

subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.

Under the other, he pled to first-degree robbery, second-degree

conspiracy to commit robbery, second-degree aggravated assault and

third-degree unlawful possession of a weapon – a handgun, and was

sentenced to a consecutive ten-year prison term subject to NERA.

 On September 12, 2013, appellant was released on mandatory

parole supervision. Approximately nine months later, his parole

was revoked for committing the offense of hindering apprehension.

 After appellant became eligible for parole again, a hearing

officer referred his case to a two-member panel of the Parole

Board. On March 6, 2015, the panel denied parole and set a twenty-

three month FET. It determined there was a reasonable expectation

that appellant would violate conditions of parole if released.

Among other things, the panel cited appellant's: (1) extensive

prior criminal record; (2) prior mandatory parole supervision

which failed to deter his criminal behavior; (3) prior

incarceration which failed to deter his criminal behavior; (4)

 2 A-2597-15T2
demonstrated lack of insight into his criminal behavior; (5) recent

institutional infractions for assault and disruption of the

security or orderly running of the correctional facility; and (6)

risk assessment score of thirty-three, indicating a high risk of

recidivism. The panel found that those considerations outweighed

the mitigating factors of appellant's participation in various

institutional programs and attempted enrollment in certain

programs.

 The full Board issued a final agency decision on July 29,

2015, affirming the denial of parole and establishment of the

twenty-three month FET. The Board concurred with the two-member

panel that "a preponderance of the evidence indicates that there

is a reasonable expectation that [appellant] would violate the

conditions of parole if released on parole at this time."

 On appeal, appellant argues that the Board failed to

demonstrate that he would violate conditions of parole if released,

and that the Board erred in considering institutional infractions

that were pending appeal before this court when it considered his

parole request. We have considered these contentions in light of

the record and applicable legal principles and conclude they are

without sufficient merit to warrant discussion in a written

opinion. R. 2:11-3(e)(1)(E). We affirm substantially for the

 3 A-2597-15T2
reasons expressed in the Board's comprehensive written decision.

We add only the following brief comments.

 Under our standard of review, we must accord considerable

deference to the Board and its expertise in parole matters. Our

standard of review of the Board's decisions is limited, and

"grounded in strong public policy concerns and practical

realities." Trantino v. N.J. State Parole Bd., 166 N.J. 113, 200

(2001) ("Trantino V"). "The decision of a parole board involves

'discretionary assessment[s] of a multiplicity of imponderables

[.]'" Id. at 201 (alteration in original) (quoting Greenholtz v.

Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 10, 99 S. Ct.

2100, 2105, 60 L. Ed. 2d 668, 677 (1979)).

 "To a greater degree than is the case with other

administrative agencies, the Parole Board's decision-making

function involves individualized discretionary appraisals." Ibid.

(citing Beckworth v. N.J. State Parole Bd., 62 N.J. 348, 358-59

(1973)). Consequently, our courts "may overturn the Parole Board's

decisions only if they are arbitrary and capricious." Ibid. We

will not disturb the Board's factual findings if they "could

reasonably have been reached on sufficient credible evidence in

the whole record." Id. at 172 (quoting Trantino v. N.J. State

Parole Bd., 154 N.J. 19, 24 (1998) ("Trantino IV") (quoting N.J.

State Parole Bd. v. Cestari, 224 N.J. Super. 534, 547 (App. Div.),

 4 A-2597-15T2
certif. denied, 111 N.J. 649 (1988))); see also McGowan v. N.J.

State Parole Bd., 347 N.J. Super. 544, 563 (App. Div. 2002)

(applying that standard).

 Guided by these standards and considering the record,

including the materials in the confidential appendix, we discern

no basis to disturb the Board's decision. The Board considered

the relevant factors in N.J.A.C. 10A:71-3.11. Its decision is

supported by sufficient credible evidence in the record and is

entitled to our deference. The twenty-three month FET imposed by

the Board is the presumptive term based upon defendant's ten-year

prison term as set forth in N.J.A.C. 10A:71-3.21(a)(2).

 Affirmed.

 5 A-2597-15T2